**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JOHN KEMP, individually and as Special Administrator of The Estate of TERESA LEANN KEMP, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | Case No. 12-CV-2739-JAR |
| KASTON HUDGINS, ) ) | |
| Defendant, ) ) | |
| v. ) ) | |
| DAIRYLAND INSURANCE COMPANY, ) ) | |
| Garnishee. ) ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff John Kemp's Motion to Remand (Doc. 12) and Garnishee Dairyland Insurance Company's Motion for Leave to File Sur-Reply (Doc. 10). Garnishee Dairyland Insurance Company has also filed a Motion for Hearing (Doc. 17), requesting a hearing on Plaintiff's Motion to Remand. The Court finds that a hearing would not assist the Court and therefore denies the request for hearing. The remaining matters are fully briefed and the Court is prepared to rule. For the reasons set forth in more detail below, Plaintiff's Motion to Remand is denied and Dairyland's Motion for Leave to File Sur-Reply is denied.

**I.     Background**

Plaintiff John Kemp, individually and as Special Administrator of the Estate of Teresa LeAnn Kemp ("Plaintiff") brought a wrongful death action in the District Court of Cherokee County, Kansas, Case No. 10CV17, against Defendant Kaston Hudgins ("Hudgins"). Following a trial, the District Court of Cherokee County entered Judgment in favor of Plaintiff against Hudgins on Count I of Plaintiff's First Amended Petition for the wrongful death of Teresa Kemp in the amount of $3,232,604.67 and on Count II for the wrongful death of Taylor Kemp in the amount of $2,090,561.40, plus costs.[1] The state court also entered Judgment for Plaintiff on Count III of Plaintiff's First Amended Petition for personal injuries to Teresa Kemp and punitive damages, against Hudgins in the amount of $438,142.94 for actual damages and $5,406.00 for punitive damages, plus costs.[2]

Plaintiff, as judgment creditor, filed a Request for Garnishment on October 18, 2012, naming Hudgins as the Judgment Debtor and Dairyland Insurance Company ("Dairyland"), Hudgin's insurer, as the Garnishee.[3] The court issued an Order of Garnishment[4] and Dairyland filed its Answer, claiming that it held no money for and was not indebted to the judgment debtor.[5] On November 15, 2012, Plaintiff filed a Reply to Dairyland's Answer, disputing that Dairyland was not indebted to Hudgins; alleging that Dairyland acted negligently and/or in bad faith; and seeking judgment against Dairyland in the amount of $5,766,715.01, plus interest,

---

[1]Doc. 1–1 at 71–72.

[2]*Id*. at 69–70.

[3]*Id*. at 67.

[4]*Id*. at 56.

[5]*Id.* at 21.

costs and attorneys' fees.[6]  On November 21, 2012, Dairyland filed its Notice of Removal to this Court.[7]  On December 12, 2012, Plaintiff filed the instant Motion to Remand.

**II.     Standard**

Federal courts are required to remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[8]  To avoid remand, a defendant must show that the action satisfies the requirements for federal jurisdiction.[9]  Because federal courts "are courts of limited jurisdiction, there is a presumption against federal jurisdiction."[10]  Therefore, courts must resolve doubtful cases in favor of remand.[11]  Defendant bears the burden of proving facts sufficient to establish jurisdiction.[12]

Remand is improper if the defendant properly removed a case to federal court that the plaintiff could have originally filed in federal court.[13]  Federal courts are courts of limited jurisdiction, and as such they must have a statutory or constitutional basis to exercise jurisdiction

---

[6]*Id*. at 9.

[7]Doc. 1.

[8]28 U.S.C. § 1447(c).

[9]*See Montoya*, 296 F.3d at 955 ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

[10]*Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[11]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[12]*McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008);  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

[13]*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

over any controversy.[14] There are two statutory bases for federal subject matter jurisdiction. First, under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exists. Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." In addition, if the Court has federal question or diversity jurisdiction of some claims, it may exercise supplemental jurisdiction over state law claims.[15]

In this removal action, federal jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332. Federal jurisdiction under § 1332 requires complete diversity of citizenship between the plaintiff and defendants and an amount in controversy exceeding $75,000.[16] "The courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states."[17] The presumption is thus against removal jurisdiction,[18] and courts must refrain from exercising jurisdiction in all cases where such jurisdiction does not affirmatively appear on the record.[19] Statutes conferring both diversity and removal jurisdiction

---

[14]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see also United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1." (internal quotation omitted)).

[15]28 U.S.C. § 1367.

[16]28 U.S.C. § 1332.

[17]*Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

[18]*Frederick & Warinner v. Lungren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[19]*Ins. Corp of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

are to be strictly construed,[20] and "[d]oubtful cases must be resolved in favor of remand."[21]

**III. Discussion**

Federal law governs the characterization of garnishment proceedings for purposes of removal, and provides that the bad faith claim made pursuant to the garnishment proceeding created a new action separate from the underlying litigation.[22] The case law makes it clear that such actions are removable as separate actions.

The court in *Smotherman v. Caswell*, addressed the same issue involved in this case—whether the court has subject matter jurisdiction where the garnishee removed the case on the basis of diversity of citizenship.[23] The case involved facts very similar to the instant case. In *Smotherman*, the plaintiffs obtained a judgment against the defendant and then instituted garnishment proceedings against defendant's insurers. The garnishee insurance companies denied liability and in their reply the plaintiffs alleged that the insurance companies were guilty of bad faith and negligence in representing defendant and were therefore liable to plaintiffs for the full amount of the judgment entered against the defendant.[24] The court held that "the characterization of garnishment actions for the purposes of removal should be a matter of federal

---

[20] 28 U.S.C.A. §§ 1332(a), 1447.

[21] *Thurkill v. Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).

[22] *See McIntosh v. Scottsdale Ins. Co.*, Case No. 91-1344-K, 1991 WL 228344, at *3 (D. Kan. Oct. 9, 1991) (agreeing that federal law rather than state law governs the characterization of garnishment proceedings for removal purposes; finding that the garnishment proceeding was a new and independent civil action requiring litigation on the existence of a new liability; and finding that since jurisdictional requirements were met the garnishment action was a properly removable "civil action.").

[23] *Smotherman v. Caswell*, 755 F. Supp. 346, 347–48 (D. Kan. 1990).

[24] *Id.* at 347.

law rather than a matter to be determined by construing individual state garnishment statutes."[25] The court then concluded that under federal law the garnishment action is a distinct civil action for the purposes of 28 U.S.C. § 1441(a) because it is separate and distinct from the underlying wrongful death action and involves "a new party litigating the question of a new liability."[26] The court further found that even under Kansas law, it would reach the same conclusion.[27]

Plaintiff argues that a determination that the garnishment is a "separate civil action" should not be determinative, and that there is a requirement that the action be capable of being originally filed in federal court. Plaintiff then argues that Kansas law requires an assignment to bring a separate action against the insurer and because Plaintiff did not receive an assignment from Hudgins, a garnishment proceeding was the only available avenue.[28] Plaintiff then argues that he could not have filed this action in federal court because without a federal judgment, there can be no garnishment in federal court. Plaintiff asserts that none of the other cases address this argument.

Plaintiff's argument is unpersuasive. The case law focuses on substance over form, and finds that for purposes of removal, where a separate civil action is found, sufficient subject matter jurisdiction depends on the Court's determination of whether diversity jurisdiction exists,

---

[25]*Id*. at 348 (citing *Chicago, Rock Island & Pacific RR Co. v. Stude*, 346 U.S. 574, 74 S. Ct. 290, (1954); *Bridges v. Bentley*, 716 F. Supp. 1389, 1391 (D. Kan. 1989)).

[26]*Id.*

[27]*Id.* at 348–49.

[28]*See King v. Am. Family Ins. Co.*, 874 P.2d 691, 694–95 (Kan. Ct. App. 1994) (finding that absent an assignment of insured's policy rights, plaintiff's only remedy is to file a garnishment against insurer to enforce the judgment she previously obtained against insured.).

based on the parties and the amount in controversy.[29]

The courts examine the diversity question from the perspective of the bad faith claim as a separate action.[30] Although the state court's characterization of the action may be a relevant factor for the court to consider when determining whether an action is separate for purposes of removal, labels are not dispositive. In *Nungesser v. Bryant*, the court noted that "[w]hatever case label one may attach to the current post-judgment petition, one thing is clear: the Supreme Court required the bad faith claim to be brought as a separate action."[31] The court found that a distinction between a claim by the insured or by the judgment creditor via garnishment, "is one of form but not substance insofar as removal is concerned."[32] The court held that:

> in determining whether removal jurisdiction is proper, the court is not bound by the labels attached by state practice. Congress intended the removal statute to be uniform in its nationwide application, and the removal statute thus sets its own criteria, irrespective of local practice, for determining what suits may be removed.[33]

This focus on substance over form likewise defeats Plaintiff's remaining arguments: 1) that no diversity of citizenship exists; and 2) that Hudgins' failure to consent to removal

---

[29] *See Nungesser v. Bryant*, Case No. 07-1285-WEB, 2007 WL 4374022, at *5 (D. Kan. Dec. 7, 2007) ("The disposition of the instant motion boils down to a rather simple question: is Bryant's bad faith claim against EMCASCO part of the same 'civil action' as Nungesser's tort action against Bryant?").

[30] *Id*. at *8; *see also Adriaenssens v. Allstate Ins. Co.*, 258 F.2d 888, 890 (10th Cir. 1958) ("And, being original and independent actions of that kind with diversity of citizenship and the requisite sum in controversy, they were open to removal."); *Brockmann v. Bd. of Cnty. Com'rs of Cnty. of Shawnee*, Case No. 07-4103-EFM, 2009 WL 175069, at *7 (D. Kan. Jan. 12, 2009) (Where garnishment action in state court was removed to federal court based on diversity jurisdiction, court held that it had jurisdiction pursuant to 28 U.S.C. § 1332 and the action was a separate and independent claim from the state court action and was properly before the court.).

[31] *Nungesser*, 2007 WL 4374022, at *7.

[32] *Id.*

[33] *Id.* at *6.

requires remand.

### A. Diversity of citizenship

Plaintiff argues that because Plaintiff and Defendant Hudgins are both residents of Kansas, no diversity of citizenship exists to serve as a basis for removal. Dairyland argues that diversity of citizenship exists because although Plaintiff and Hudgins are both citizens of Kansas, Hudgins should either be realigned as a plaintiff or regarded as a nominal party.

The Court must once again focus on substance over form. "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty . . . to 'look beyond the pleadings and arrange the parties according to their sides in the dispute.'"[34] In *Dodson Aviation, Inc. v. HLMP Aviation Corp.,* the court noted that:

> the Tenth Circuit stated that "[i]n determining the question whether diversity of citizenship requisite to jurisdiction exists, a court looks to the citizenship of the real parties in interest; and where there is a complete diversity between them, the presence of a nominal party with no real interest in the controversy will be disregarded." The Court stated that the defendant was merely a "formal party" because it was not necessary to the complete adjudication of the controversy between the parties and therefore, its citizenship was irrelevant when determining whether jurisdiction existed.[35]

In this case, Hudgins' presence is not necessary to the complete adjudication of the controversy raised by Plaintiff's reply in the garnishment proceeding, nor is Plaintiff seeking relief from Hudgins pursuant to that action. Under facts similar to the present case, the court in

---

[34]*Id.* at *8 (*quoting Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6, 8, n.5 (1989)).

[35]*Dodson Aviation, Inc. v. HLMP Aviation Corp*, Case No. 08-4102-EFM, 2009 WL 1036123, at *2 (D. Kan. Feb. 12, 2009) (citing *Hann v. City of Clinton, Okla.*, 131 F.2d 978, 981 (10th Cir. 1942)).

*Bridges v. Bentley*, rejected the argument that diversity of citizenship did not exist, holding that:

> The garnishment action filed against the garnishee is not joined by any claim or cause of action against the defendant. The plaintiff's cause of action against the defendant has already been resolved in his favor in state court. The petition for garnishment is directed only toward the garnishee and not the defendant.[36]

Despite the fact that the garnishment proceeding is not against Hudgins and that Hudgins is not necessary to the complete adjudication of that proceeding, Plaintiff argues that Hudgins may be affected economically by the outcome of the garnishment. Plaintiff argues that a judgment in Plaintiff's favor against Dairyland will relieve Hudgins of all or most of his liability to Plaintiff. However, under similar circumstances courts have aligned defendants with the judgment creditor for purposes of determining diversity. "In garnishment actions, where a garnishee has denied liability to the judgment debtor, the judgment creditor's and judgment debtor's interests are aligned on the same side for purposes of determining diversity of citizenship."[37] Thus, plaintiff and defendant "are aligned on one side and garnishee . . . on the other for the purpose of determining diversity of citizenship jurisdiction."[38] Plaintiff is actually asserting Hudgins' bad faith claim against his insurer, alleging that Dairyland wronged Hudgins.

B. <u>Defendant Hudgins failure to consent to removal</u>

Plaintiff argues that Hudgins' failure to consent to the removal requires remand under the unanimity rule, which requires consent to removal from all defendants.[39] Because the Court has

---

[36]*Bridges v. Bentley*, 716 F. Supp. 1389, 1390 (D. Kan. 1989).

[37]*Smotherman v. Caswell*, 755 F. Supp. 346, 348 (D. Kan. 1990) (citations omitted).

[38]*Id.*

[39]*See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

9

already found that Hudgins is a nominal party or should be realigned as plaintiff for purposes of removal, this argument is likewise without merit.[40] "[T]he failure of a merely nominal or formal defendant to join in removal does not defeat the requirement of unanimity among defendants."[41]

Plaintiff acknowledges the case law dealing with nominal parties, but questions the viability of the nominal party exception in light of Congress' failure to specifically list the exception in the statute when it codified the "unanimity rule" in 28 U.S.C. § 1446(b)(2)(A) and (B) in December, 2011. In light of the fact that circuit courts are still applying the exception, the Court declines to accept Plaintiff's argument.[42]

## IV. Motion to file sur-reply

Dairyland answered the underlying garnishment, claiming that it held no money for and was not indebted to the judgment debtor. Plaintiff filed a reply, disputing that Dairyland was not indebted to Hudgins; alleging that Dairyland acted negligently and/or in bad faith; and seeking judgment against Dairyland in the amount of $5,766,715.01, plus interest, costs and attorneys' fees. Dairyland's answer consisted of a form and without the benefit of a sur-reply the last pleading would be the Plaintiff's reply— the document asserting for the first time the claim of bad faith failure to settle. Plaintiff argues that the Kansas garnishment statutes set forth specific required pleadings and do not provide for the filing of a sur-reply. Dairyland's concern is that it

---

[40]*See Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1243 (D. Kan. 2001) (Finding that the court's alignment of class defendants as plaintiffs in the case also eliminates the requirement that the class defendants must consent or join in the removal.).

[41]*Smotherman*, 755 F. Supp. at 349 (citations omitted) (finding that defendant was a nominal party in the dispute between the plaintiff and garnishee insurer).

[42]*See, e.g., Brazell v. Waite*, No. 12-4047, 2013 WL 2398893 (10th Cir. June 4, 2013); *Johnson v. SmithKline Beecham Corp.*, ___ F.3d ___, 2013 WL 2450651, at *15 (3rd Cir. June 7, 2013); *Bates v. Mortg. Elec. Registration Sys., Inc.*, 694 F.3d 1076, 1080 (9th Cir. 2012); *Cascades Dev. of Minn., LLC v. Nat'l Specialty Ins.*, 675 F.3d 1095, 1098 (8th Cir. 2012).

needs to file a sur-reply to preserve its denials and affirmative defenses. The Court finds that Dairyland is not required to file a sur-reply to preserve its denials and affirmative defenses and it does not risk deemed admission or waiver of argument due to its lack of a responsive pleading in the underlying garnishment. As such, a sur-reply is unnecessary and Dairyland's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Dairyland's Motion for Hearing (Doc. 17) is **DENIED**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion to Remand (Doc. 12) is **DENIED.**

**IT IS FURTHER ORDERED BY THE COURT** that Dairyland's Motion for Leave to File Sur-Reply (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 12, 2013

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE