# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHN KEMP, Individually, and as a )
Special Administrator of the ESTATE )
OF TERESA LEANN KEMP, )
　)
   Plaintiff/Judgment Creditor, )
　) Case No. 12-2739-JAR-KGG
v. )
　)
KASTON HUDGINS, )
　)
   Defendant/Judgment Debtor, )
　)
and )
　)
DAIRYLAND INSURANCE COMPANY, )
　)
   Garnishee. )
_____)

## ORDER ON OBJECTIONS TO RULE 26 DISCLOSURES AND PLAINTIFF/JUDGMENT CREDITOR'S DISCOVERY REQUESTS AND MOTION TO STAY PROCEEDINGS

Now before the Court are the "Objections to Rule 26 Disclosures and Plaintiff/Judgment Creditor's Discovery Requests and Motion to Stay Proceedings" filed by Defendant/Judgment Debtor Kaston Hudgins (hereinafter "Defendant"). (Doc. 27.) Having reviewed the submissions of the parties, Defendant's objections are **overruled** while his motion is **GRANTED**.

## BACKGROUND

The above-captioned matter is a garnishment action filed by Plaintiff who is seeking to collect from the garnishee Dairyland Insurance Company ("garnishee"). (Doc. 1.) Garnishee insured Defendant, who was in an automobile accident that resulted in the death of Plaintiff's wife and daughter. (Doc. 27, at 2.) That automobile accident lead to a wrongful death lawsuit filed by Plaintiff against Defendant (hereinafter "the underlying lawsuit"). (*See* Doc. 1-1.) Plaintiff also alleges that garnishee acted in bad faith or negligently in failing to settle the underlying lawsuit against Defendant, which resulted in a judgment against Defendant in excess of $5 million, well beyond the policy limits. (*Id.*, at 9-20.) Defendant filed a timely appeal with the Kansas Court of Appeals in the underlying lawsuit, which remains pending and is set for oral argument on September 17, 2013. (Doc. 27, at 2.)

In the present matter, Plaintiff has propounded extensive discovery requests on Defendant. Without referencing a single, specific discovery request, Defendant contends that "[m]ost of those discovery requests seek disclosure of documents and information relating to the underlying lawsuit, which are protected by the attorney-client privilege and work product doctrine." (*Id.*, at 3.) Defendant contends the same is true for documents and information he would disclose in his Rule 26 initial

2

disclosures.  (*Id.*)

## DISCUSSION

**A.     Objections to Disclosures and Discovery**.

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  As such, the requested information must be both nonprivileged and relevant to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence."  *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action."  *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).  Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request.  *See*

*Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections).

Defendant brings the present motion (Doc. 27) as an "objection" to Rule 26 Disclosures and Plaintiff's discovery requests. Defendant has presented these objections to the Court in an unusual manner. Such objections and corresponding claims of privilege are typically raised in discovery responses, not in a motion to the Court. Upon receipt of discovery responses, if the requesting party does not find the responding party's objections to be valid, the parties must then confer prior to the requesting party filing a motion to compel the information. D. Kan. Rules 37.1, 37.2.

The only procedure set forth for the Court to rule on a party's objections to discovery requests outside the context of a motion to compel would be a motion for a protective order. Fed.R.Civ.P. 26(c); D. Kan. Rule 26.2. Although Defendant's motion does not specifically request a protective order or reference Rule 26(c), the Court will consider it as such.

Federal Rule 26(c) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense." "The party seeking a protective order has the burden to demonstrate good cause." *Reed v. Bennett*, 193 F.R.D. 689, 691 (D.Kan.2000). To do so, the moving party must make " 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Aikens v. Deluxe Fin. Servs., Inc*., 217 F.R.D. 533, 534 (D.Kan.2003) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)). This particular showing must demonstrate that the basis for the protective order falls within one of the categories enumerated in Rule 26©. Further, the moving party must clearly define the potential injury to be caused by dissemination of the information. *Zhour v. Pittsburg State Univ*., No. 01–2493–KHV, 2002 WL 1932538, *2 (D.Kan. July 25, 2002).

Defendant's motion focuses on the potential privileged nature of certain implicated documents. This is not, however, a valid basis for a protective order under Rule 26(c), which is designed to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."[1] As such, Defendant

---

[1] Defendant does, arguably, infer that he is being subjected to undue burden or expense with his passing reference to "531 requests for admission and 95 requests for production," which is a stated basis for a Rule 26(c) protective order. (Doc. 27, at 3.) He does not, however, discuss the burden of responding until his reply brief, wherein he off-handedly states that "[t]his task is hugely burdensome for both Hudgins and the Court . . . ." (Doc. 35, at 2.) Because Defendant did not make this argument until his reply brief, it has been waived and the Court will not address it. *Higgins v. Potter*, No. 08-2656-JWL, 2009 WL 2993816, n.2 (D. Kan. Sept. 17, 2009). Further, in mentioning

5

should have raised those privilege objections in response to Plaintiff's discovery requests while providing the requisite privilege log.

Even assuming privilege would be an appropriate basis for entering a protective order, Defendant's motion provides only the most generalized, conclusory statements regarding the application of privilege. Defendant does not reference a single, specific discovery request that he contends is improper, nor does he even attach the discovery requests at issue as exhibits to his motion. Thus, it is impossible for the Court to determine if the requests are, in fact, objectionable. It is well-established in this District that "[b]lanket claims of attorney-client privilege or work-product protection do not satisfy the objecting party's burden of proof." *Linnebur v. United Telephone Ass'n*, No. 10-1379-RDR, 2012 WL 1183073,*4 (D. Kan. April 9, 2012) citing *White v. Graceland College Ctr. for Prof'l Dev. & Lifelong Learning, Inc*., 586 F.Supp.2d 1250, 1267–68 (D.Kan.2008). For these reasons, the Court **overrules** Defendant's objections to Plaintiff's discovery requests.

B.     **Motion to Stay Proceedings**.

---

burdensomeness, Defendant is merely addressing Plaintiff's argument that Defendant "failed to identify the specific discovery requests that the believes are privileged," rather than arguing that the underlying discovery itself is burdensome. Regardless, Defendant has failed to make the "particular and specific demonstration of fact" necessary to justify the entry of a protective order. *Aikens*, 217 F.R.D. at 534.

The Federal Rules of Civil Procedure do not, *per se*, provide for a stay of proceedings. A stay can, however, be based on the same language from Fed.R.Civ.P. 26(c) discussed above, which states that a court may "make any order which justice requires to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense." "The proponent of a stay bears the burden of establishing its need." **Kear v. Kohl's Dept. Stores, Inc**., 2013 WL 3581671 **Clinton v. Jones**, 520 U.S. 681, 708, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997).

Because of Defendant's stated objections to the discovery pending in this case, he argues that "[t]he most practical solution would be to stay this garnishment action while the underlying lawsuit is pending." (Doc. 27, at 4.) Although the Court has ruled that Defendant's generalized, blanket claims of attorney-client privilege do not satisfy the burden of proof for entering a protective order regarding the discovery, this argument does have certain merit relating to the entry of a stay of the proceedings. Defendant contends that even though the requested documents "may be relevant to this garnishment action, [he] is unable to waive is attorney-client privilege or work product protection while the underlying lawsuit is pending in state court." (Doc. 27, at 3.) Defendant continues that "[t]here is little question [he] will suffer irreparable harm in the absence of a stay . . . as he will be

7

forced to decide whether his best interests are served by participating in this garnishment action, with potential adverse effects to the outcome in the underlying lawsuit, and vice versa." (Doc. 27, at 5.)

The reason Defendant is in this position is because Plaintiff's claim for negligent or bad faith failure to settle the underlying claim is not yet ripe. Kansas courts have "long recognized an insured's action for negligence or bad faith against his or her insurer." ***Nungesser v. EMCASCO Ins. Co.***, 153 P.3d 1277, 1284 (Kan. 2007) (internal citations omitted). Such an action sounds in contract while the underlying action for wrongful death sounds in tort. *Id*., at 1285.

> The key question . . . is not *whether* such an action can stand but *when* – the critical factor is timing. Was it permissible for [the] third-party suit against [the insurer] to proceed before the underlying tort action . . . had concluded?
> . . . A liability insurer is not properly a party in a tort action arising from an auto accident, and no previous Kansas case has allowed an action against an insurer based on negligence or bad faith to proceed before a judgment has been reached in the underlying suit.

*Id*. (internal citations omitted). In other words,

> 'A claimant cannot bring an action against an insurer seeking damages for the insurer's allegedly wrongful refusal to negotiate in good faith with the claimants where no excess judgment has yet been rendered against the insured. Therefore, *a cause of action for the bad-faith [or negligent] failure to settle a claim does not arise until there has been a final determination of the insured's*

8

> *liability and the claimant's damages, including resolution of any appeals.*'

*Id*. (emphasis in *Nungesser*) (citing 44 Am.Jur.2d, Insurance § 1394, p. 622).

As discussed above, it is undisputed that the appeal remains pending the in underlying wrongful death lawsuit. Thus, the present cause of action for bad faith or negligent failure to settle the insurance claim is not ripe. This stay is necessary to protect the Defendant's attorney-client privilege during the pendency of the state court action and to allow Plaintiff's claim to ripen.

The Court therefore **GRANTS** Defendant's motion and **stays** the present action until the appeal process is concluded in the underlying lawsuit and it has been reduced to a final judgment.

**IT IS SO ORDERED**.

Dated this 10th day of September, 2013.

                                          S/ KENNETH G. GALE
                                          Kenneth G. Gale
                                          United States Magistrate Judge