IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOHN KEMP**, individually and as Special Administrator of the ESTATE OF TERESA LEANN KEMP**,** <br><br>　　**Plaintiff/Judgment Creditor,** <br><br>　　v. <br><br>**KASTON HUDGINS,** <br><br>　　**Defendant/Judgment Debtor,** <br><br>**and** <br><br>**DAIRYLAND INSURANCE COMPANY,** <br><br>　　**Garnishee.** | Case No. 12-2739-JAR |

## MEMORANDUM AND ORDER

This garnishment action was removed in 2012 by Garnishee Dairyland Insurance Company ("Dairyland"). Judgment Creditor John Kemp sought to collect from Dairyland a $5,700,000 judgment against Dairyland's insured, Judgment Debtor Kaston Hudgins. Kemp alleged that Dairyland should be liable for the full amount of the judgment, notwithstanding the $50,000 policy limit, because it refused in bad faith to settle the underlying claim. This Court granted Dairyland's Motion for Summary Judgment on September 22, 2015.[1] Now before the Court are Kemp's Motion to Reconsider, Amend, Alter, or Vacate Judgment (Doc. 137), and Motion for Leave to Supplement Summary Judgment Record (Doc. 138). In these motions, Kemp asks the Court to reopen the summary judgment record and consider two new depositions that he took while the summary judgment motion was pending. For the reasons explained below, the Court denies Kemp's motions.

---
[1] Doc. 135.

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[2]  Kemp seeks to alter or amend this Court's summary judgment ruling on the basis of evidence that was not presented to the Court as part of the summary judgment record.  In order to supplement a motion to alter or amend with evidence, the moving party "must show either (1) that the evidence is newly discovered, or (2) if the evidence was available at the time summary judgment was granted, that counsel made a diligent yet unsuccessful attempt to discover the evidence."[3]

Kemp attaches to his motion for leave several excerpts from depositions taken while the motion for summary judgment was pending.  Kemp deposed Brian Morris, Dairyland's original claims adjuster on the claim at issue in this case, and Jessica Beaver, Dairyland's attorney who prepared the initial settlement documents.  Kemp argues that because Dairyland filed its motion for summary judgment early in the case, well before depositions had been scheduled, he did not have the opportunity to depose Morris or Beaver before he was required to respond to the summary judgment motion.  Kemp suggests that he had planned to move the Court for supplementation of the summary judgment record, but the Court ruled on the pending motion before he had the chance.

The Court cannot find that the Morris and Beaver depositions constitute newly discovered evidence, or that Kemp was diligent yet unsuccessful in attempting to depose these individuals before responding to the motion for summary judgment.  Kemp was aware of Morris

---

[2]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[3]*Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994).

2

and Beaver's roles in the underlying dispute at the time he responded to summary judgment; the record is replete with correspondence involving both individuals. They both played central roles in the claims settlement, as Kemp argued in response to summary judgment. Dairyland's motion relied entirely on document discovery in arguing that summary judgment is warranted, primarily on correspondence between the attorneys. The Morris and Beaver depositions do not constitute newly discovered evidence.

The Court acknowledges that the motion for summary judgment was filed early in this case, on November 14, 2014.[4] At that point in the litigation, only document discovery had occurred. However, there is no rule prohibiting early summary judgment motions, and the record makes clear that the parties were in close contact with one another and with Magistrate Judge Gale about the progress of discovery and the summary judgment response deadline after the motion was filed. Kemp's response deadline to the motion for summary judgment was extended for more than six months by Judge Gale in order to allow Kemp time to file motions to compel. There is no record that during this six-month period Kemp made any attempt to depose Morris or Beaver, or that he sought an extension on that basis. After Dairyland filed its reply brief on June 29, 2015, Kemp requested and was granted leave to file a sur-reply on the motion. Again, Kemp made no request for more time on the basis that he needed further discovery in order to respond to summary judgment. At no time did Kemp avail himself of the procedure set forth in Fed. R. Civ. P. 56(d), which would have allowed Kemp to request that the motion either be denied or held in abeyance in order for him to obtain discovery that would address certain facts at issue in the motion.

---

[4]This case was stayed between September 10, 2013, and October 7, 2014, while the appeal of the underlying lawsuit was pending. The motion for summary judgment was filed approximately two weeks after the Rule 26(f) conference with Judge Gale after the stay was lifted.

And despite noticing up several depositions in August 2015, while the summary judgment motion was under advisement and had been pending for more than nine months, Kemp did not seek leave to supplement the record or otherwise notify the Court that he believed the record must be supplemented. Under such circumstances, the Court cannot find that Kemp was diligent in seeking to depose Morris and Beaver before the summary judgment motion was decided. The Court therefore denies his request for leave to supplement the record with 123 additional pages of deposition testimony at this late date, after a decision has already been rendered.

Moreover, the Court finds that allowing Kemp to supplement the record with the deposition excerpts attached to his motion for leave would not change the Court's ruling on the summary judgment motion. Kemp argues that this new evidence shows that a policy limits settlement was reached between Dairyland and Kemp for a release of Kemp's claims against Hudgins only, and that Dairyland then repudiated that agreement without notice to Hudgins. Kemp argues that both deponents establish that neither Dairyland nor its attorneys were looking out for Hudgins' best interest prior to the lawsuit being filed.

Kemp's evidence that Dairyland repudiated the first settlement agreement does not change the Court's summary judgment ruling. Kemp made the same argument in response to the summary judgment motion. The Court followed Judge Marten's decision in *Brummett v. American Standard Insurance Co.*,[5] that Dairyland's rejection or repudiation of the initial settlement offer was within the bounds of good faith because it did not include a release of both insureds. The Court also rejected Kemp's argument that Dairyland's failure to better

---

[5] No. 04-1114-JTM, 2005 WL 1683610 (D. Kan. July 18, 2005).

4

communicate with Hudgins was dispositive in this case under the *Bollinger* factors.[6] The Court explained that Groh separately represented Hudgins' interests once it was apparent that Kemp was considering a bad faith claim in this matter, and that Dairyland's willingness to pay Kemp the policy limits in exchange for a complete release of both insureds showed that it considered Hudgins' interests in the course of the settlement negotiations. The Court noted the many logistical difficulties in communicating with Hudgins given his incarceration, and that Kemp could not explain how Hudgins could have protected his own interests any further had he known about these settlement discussions for policy limits, and how his knowledge would have changed the course of this litigation.[7] When weighed against the other *Bollinger* factors, and the fact that Dairyland immediately attempted to settle with Kemp for its policy limits, the Court found no genuine issue of material fact about whether Dairyland acted in good faith when negotiating the claim.

For all of these reasons, the Court finds that Kemp is unable to make the requisite showing to reopen the summary judgment record and reconsider the Court's Order. Kemp's motions are therefore denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Kemp's Motion to Reconsider, Amend, Alter, or Vacate Judgment (Doc. 137), and Motion for Leave to Supplement Summary Judgment Record (Doc. 138) are **denied**.

**IT IS SO ORDERED**.

---

[6]*Bollinger v. Nuss*, 449 P.2d 502, 510 (Kan. 1969).

[7]*See Wade v. EMASCO*, 483 F.3d 657, 671 (10th Cir. 2007).

Dated: <u>December 14, 2015</u>

               <u>S/ Julie A. Robinson</u>
               JULIE A. ROBINSON
               UNITED STATES DISTRICT JUDGE